## MEDIKEN v. MASON & Co.

1. APPEARANCE TERM: APPEALS. While chapter 127, Laws of 1858, was in force, a cause appealed from a justice's court to the District Court could not be tried at the first term after the filing of the transcript.

*Appeal from Clayton District Court.*

Mediken v. Mason & Co.

TUESDAY, JUNE 5.

THE defendants appealed from the judgment of a justice of the peace, and filed their transcript in the office of the clerk of the District Court upon the 10th day of September, 1858.

On the 20th day of the same month, it being the second day of the first term of the District Court after such appeal was taken, the defendants moved to continue the cause until the next term thereof, claiming that under the law, as then in force, they could not be compelled to prepare for trial at the first term of the court after such appeal was taken.

The motion was overruled by the court, and judgment rendered against the defendants, from which they appeal.

*Noble & Drummond* for the appellant.

*Baugh & Stoneman* for the appellees.

BALDWIN, J.—Section 1763 ofe th Code provides that causes shall be tried at the first term of the court after they are commenced, unless reasonable cause for a continuance be shown. By an act of the legislature, approved March 22nd, 1858, and in force at the time this appeal was taken and judgment rendered, the above named section was so amended, that causes should be tried at the second term after they were commenced. It is claimed by the appellee, that this provision of the Code applied solely to causes commenced originally in the District Court; that causes brought to the District Court by appeal were not within the meaning of this section, but of that class of cases that should be tried when reached, as provided by section 2340 of the Code.

When an appeal is properly taken from the judgment of a justice, all of the original papers, with the transcript of the docket entries of the justice, are to be filed with the Clerk of the District Court. When so filed "the cause will be deemed in the District Court." Sections 2336, 2337. And when in the District Court, it is a cause for trial, in its order, the same as though commenced originally in such court.

The jurisdiction of the District Court over appeal causes commences when the transcript is thus filed, and it makes no difference how long the judgment was rendered before the transcript was filed, the parties could not be forced to trial under the amendatory act until the second term after such jurisdiction began. We think that an appeal from a justice of the peace is a cause for trial the same as causes originally commenced in the District Court, and that under the law as in force when this motion was made, the court should have continued the cause, until the next term, as asked by defendants.

Judgment reversed.